### SUSAN E. DARNABY *v.* W. G. DARNABY'S ASSIGNEE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—399.]

**Husband and Wife—Husband's Creditors.**

Where real estate is purchased with the wife's money, but conveyance is made to the husband, the wife can have no claim on such property as against the husband's creditors.

APPEAL FROM FAYETTE CIRCUIT COURT.

November 9, 1880.

OPINION BY JUDGE PRYOR:

Conceding for all the purposes of this case that the house and lot was purchased with the means of the wife in pursuance of an agreement between the husband and the wife that the title should be made to the wife, and that the husband regarded the sum of money collected for that purpose as a debt owing by him to his wife, and still as between the creditors of the husband and the wife, he must not only be regarded as having reduced the property of his wife to possession, but as the real owner, and his bad faith to her in failing to execute his agreement is her loss, and not that of the creditors.

The choses-in-action of the wife, when reduced to possession by the husband, become his property, and his recognition of the fact that he is the debtor of his wife does not, as between the wife and the husband's creditors, protect her. Such executory agreements cannot be enforced against creditors, and if the chancellor can see such equity on the part of the wife as would now enable her to share with the general creditors he would in the first place have adjudged that she was entitled to a conveyance of the house and lot. This court has repeatedly decided a similar question from the Woodford Circuit Court, sustaining the judgment below. See *Nichols v. Scarce*, Abstract, 1 Ky. L. 270, Mss. Opin.

Judgment *affirmed*.

*Houston & Mulligan, for appellant.*

*Morton & Parker, for appellees.*